IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MATTHEW PAUL THIBERT, | Cause No. CV 23-38-GF-BMM |
| Petitioner, | |
| vs. | ORDER |
| PETER BLUDWORTH, WARDEN CROSSROADS CORRECTIONAL CENTER; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

Pending before the Court is state pro se petitioner Matthew Paul Thibert's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  (Doc. 1.) This Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a).  The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted.  28 U.S.C. § 1915A(b)(1), (2).

I.      **Background**

Thibert was convicted of Sexual Assault in Montana's Eighth Judicial District, Cascade County, following a guilty plea, on November 17, 2017, and sentenced to 60 years at the Montana State Prison. (Doc. 1 at 2-3.) Thibert appealed his conviction, but subsequently voluntarily dismissed his direct appeal.

(*Id.* at 3, 6); *see also State v. Thibert*, No. DA 18-0682, Order (Mont. Dec. 11, 2018).

Thibert filed various motions for post-judgment relief in his criminal case, including a petition for postconviction relief ("PCR").  While these proceedings were pending before the state district court, Thibert also filed a petition for a writ of supervisory control in the Montana Supreme Court, claiming several of his motions had gone unanswered and the district court erred as a matter of law by not entering default judgment in his favor.  The Montana Supreme Court denied a writ of supervisory control and explained that "[t]he District Court denied all of Thibert's motions and pointed out that default is improper under Rule 55.  The Montana Rules of Civil Procedure do not apply in criminal cases."  *Thibert v. Eighth Judicial Dist. Ct*., No. OP 22-0652, Order (Mont. Dec. 6, 2022). The state district court ultimately denied Thibert's postconviction petition on March 22, 2023.[1]  Thibert did not appeal the denial of his PCR petition.  (Doc. 1 at 4.)

Thibert also filed a petition for a writ of habeas corpus in the Montana Supreme Court.  *See Thibert v. Bludworth*, No. OP 23-0260, Order (Mont. May 23,

---

[1] The docket sheet that Thibert attached to his petition was incomplete.  (*See* Doc. 1-2 at 41-44.) For purposes of clarity, this Court has reviewed the state district court docket.  Proceedings, including orders and filings in other courts, including state courts, are the proper subject of judicial notice when directly related to the case at issue.  *See Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011).  The Clerk of Court will be directed to file a copy of the state court docket sheet as an attachment to this order.

2023).  Thibert argued that he was entitled to be prosecuted by a grand jury

indictment and that the State's failure to do so violated his rights under the Fifth

Amendment of the United States Constitution.  The Montana Supreme Court

denied relief on this claim. The Montana Supreme Court noted that the Fifth

Amendment's grand jury requirement has not been construed to apply to the states.

*Thibert*, No. OP 23-26-0260, Or. at *1, *citing State v. Montgomery*, 2015 MT 151,

¶ 9, 379 Mont. 353, 350 P. 3d 77 (*quoting U.S. v. Allen*, 406 F. 3d 940, 942 (8th

Cir. 2005)).  The Montana Supreme Court went on to explain that there are four

methods, pursuant to Mont. Code Ann §§ 46-11-101(1)-(4), by which the State

may initiate a prosecution and a defendant is not entitled to any specific procedure.

*Id*. (citations omitted).  Under one of the outlined methods, the State may

commence a prosecution "by filing an application and an affidavit that identifies

supporting evidence demonstrating probable cause" which the provides the district

court subject matter jurisdiction to proceed "as stated in Mont. Const. art. VII, §

4(1) and § 3-5-302(1)(a), MCA."  *Id*., *citing Montgomery*, ¶ 11. The Montana

Supreme Court determined that Thibert was not entitled to dismissal of the Sexual

Assault offense, because the State had initiated Thibert's felony prosecution

according to Montana's constitution and following the applicable statutory scheme

with the filing of an application and information for leave of court and an affidavit

supported by evidence.  *Id*. at *2, *citing* Section 46-11-201(2), MCA (2013).

Thibert also claimed that the state district court erred by dismissing the post-judgment motions filed in his criminal case.  Citing its earlier ruling in *Thibert v. Eighth Judicial Dist. Ct*., No. OP 22-0652, the Montana Supreme Court reiterated that default was improper and that the Montana Rules of Civil Procedure did not apply in his criminal case.  *Id*. Thibert's petition for writ of habeas corpus was denied based on his failure to demonstrate that his incarceration was illegal or he was unconstitutionally restrained. *Id*.

In the instant petition, Thibert alleges (1) that his Fifth Amendment right to a grand jury was violated by the manner in which the state of Montana charged and prosecuted him, (Doc. 1 at 4), *see also* (Doc. 1-1 at 2-14); and (2) that the state district court committed a due process violation in denying his post-judgment motions.  (Doc. 1 at 5), *see also* (Doc. 1-1 at 15-16.)  Thibert asks this Court to grant the motions he submitted in the state district court, specifically his motion for default judgment, motions to strike affidavits, and motion to dismiss with prejudice.  (Doc. 1 at 7.)

## II.    Analysis

As explained herein, Thibert fails to state a claim upon which relief may be granted.  The petition will be denied.

### Fifth Amendment Violation

Thibert contends that the manner in which the state conducted its criminal

prosecution of him violated the grand jury requirement outlined in the Fifth

Amendment to the United States Constitution.  The Fourteenth Amendment did not

incorporate the Fifth Amendment Grand Jury Clause, which guarantees indictment

by grand jury in federal prosecutions, to apply to the states.  *See Branzburg v.*

*Hayes, 408 U.S. 665, 687-88 n. 25 (1972)* (noting that "indictment by grand jury is

not part of the due process of law guaranteed to state criminal defendants by the

Fourteenth Amendment"); *Hurtado v. California, 110 U.S. 516, 535* (holding that

the Fourteenth Amendment did not incorporate the Fifth Amendment right to a

grand jury); *see also Rose v. Mitchell*, 443 U.S. 545, 557 n. 7 (1979); *Gerstein v.*

*Pugh*, 420 U.S. 103, 118-119 (1975); *Alexander v. Louisiana*, 405 U.S. 625, 633

(1972); *Beck v. Washington*, 369 U.S. 541, 545 (1962); *Gaines v. Washington*, 227

U.S. 81, 86 (1928).  To the extent that Thibert believes he was entitled to

indictment by a grand jury, and the attendant proceedings, he is mistaken.  This

Court consistently has rejected such a claim as frivolous and wholly lacking in

substantive merit. (*See e.g.*, *Ayers v. Kirkegard*, CV-14-110-BLG-DLC, 2015 WL

268870, at *2 (D. Mont. Jan. 21, 2015)(granting a motion to file an information

"does not make a judge part of the accusatory process any more than issuing a

search warrant makes a judge part of the investigative process"); *Smith v. Frink*,

CV-14-83-M-DLC, Or. at 3 (D. Mont. May 19, 2014) (prosecution via information

is entirely consistent with federal guarantees of due process); *Stewart v. Green*,

CV-15-36-BU-DLC, Or. at 3 (D. Mont. Sept. 19, 2016) (pretrial procedure proper under Montana's Constitution and charging statutes; no violation of the Fifth Amendment); *Dunsmore v. State*, CV-15-95-M-DLC, Or. at 2-3 (D. Mont. Dec. 20, 2016)(claim of ineffective assistance of appellate counsel frivolous because charging cases in Montana by information rather than by grand jury has been found to be constitutional; claimed Fifth Amendment violation regarding indictment by grand jury frivolous because the Fifth Amendment not incorporated to the states); *MacGregor v. McTighe*, CV-18-58-H-DLC, Or. at 4-5 (D. Mont. Jan. 15, 2019) (appellate counsel was not ineffective for failing to raise frivolous Fifth Amendment claim); *Haithcox v. Salmonsen*, CV-21-46-H-BMM, Or. at 3-4 (D. Mont. March 10, 2022) (rejecting grand jury argument and finding state's information charging procedure to be lawful and authorized under state law)). This claim will be denied.

**Fourteenth Amendment Violation**

Thibert claims the state district court violated his right to due process by using illegal filings made by counsel involved in the case and failing to enter default judgment in his favor. Thibert claims that the state courts misapplied state statutes and the state rules of civil procedure. (Doc. 1-1 at 15-16.)

The federal habeas statute grants the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are in

custody in violation of the Constitution or laws or treaties of the United States.

See, 28 U.S.C. § 2254(a).  A federal writ is not available for alleged error in the

interpretation or application of state law.  *See Wilson v. Corcoran*, 562 U.S. 1, 5

(2010); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

 Thibert has failed to demonstrate that the Montana Supreme Court erred in

applying state law when it affirmed the lower court's denial of his post-judgment

motions. Thibert's argument concerns the application of state law and does not

implicate a federal constitutional right. Moreover, Thibert's reference to a

purported due process violation cannot transform this state-law claim into a

cognizable federal one.  *See Gray v. Netherland*, 518 U.S. 152, 163

(1996)(explaining that petitioner may not convert state-law claim into federal one

by making general appeal to constitutional guarantee).  In short, the claim as plead,

is not cognizable in federal habeas.

 Similarly, Thibert's request that this Court review and grant his post-

judgment motions, (*see* Doc. 1 at 7), is not a form of available relief in the instant

proceedings.  Federal district courts, as courts of original jurisdiction, do not serve

as appellate tribunals to review errors allegedly committed by state courts.

*MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *see also Atlantic Coast Line R.*

*Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970) ("lower

federal courts possess no power whatever to sit in direct review of state court

decisions"). Accordingly, it would be wholly improper for this Court to intervene in the state proceedings in the manner suggested by Thibert.

Further, to the extent that Thibert asks this Court to review the state court's interpretation and application of state law, including the applicability of the Montana Rules of Civil Procedure and/or state statutes, this is neither a proper nor cognizable ground for relief in a federal habeas corpus proceeding. *See e.g. Hendricks v. Zenon,* 993 F. 2d 664, 674 (9th Cir. 1993) (claim exclusively concerned with state law not cognizable in federal habeas); *Mendez v. Small*, 298 F. 3d 1154, 1158 (9th Cir. 2002)("[a] state court has the last word on interpretation of state law")(citations omitted); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)("we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Bonin v. Calderon*, 59 F. 3d 815, 841 (9th Cir. 1995)(violation of a "state law right does not warrant habeas corpus relief"); *Lewis v. Jeffers*, 497 U.S. 764, 789 (1990)("Federal habeas corpus relief does not lie for errors of state law"); *Peltier v. Wright*, 15 F. 3d 860, 861-2 (9th Cir. 1994)(generally federal habeas corpus relief unavailable for errors of state law). This claim is not cognizable and will also be denied.

## III.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254

Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Because Thibert's claims are not cognizable and lack merit, reasonable jurists would find no basis to encourage further proceedings at this juncture.  There are no close questions and there is no reason to encourage additional proceedings in this Court.  A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Thibert's Petition (Doc. 1) is DENIED and DISMISSED with prejudice.

2. The Clerk of Court is directed to file a copy of the docket sheet for *State v. Thibert*, DC-16-453, Cascade County District Court, as an attachment to this Order.

3. The Clerk of Court is directed to enter judgment by separate document.

4. A certificate of appealability is DENIED.

DATED this 30th day of August, 2023.



_____
Brian Morris, Chief District Judge
United States District Court